# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-932

GLENDA COVINGTON

VERSUS

**FIDELITY AND GUARANTY**
**INSURANCE COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 75,772, DIV. A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders and Oswald A. Decuir, Judges.

**REVERSED AND RENDERED.**

**Brenda Harelson Verbois**
**Henchy, Verbois & Foil**
**P. O. Box 80523**
**Baton Rouge, LA 70898-0523**
**(225) 928-4444**
**Counsel for Defendant/Appellee:**
     **Fidelity and Guaranty Insurance Company**

**Edwin Dunahoe**
**Dunahoe Law Firm**
**P. O. Box 607**
**Natchitoches, LA 71458-0607**
**(318) 352-1999**
**Counsel for Plaintiff/Appellee:**
     **Glenda Covington**

**Jean-Louis Lemoine**
**Juneau Law Firm**
**P.O. Box 51268**
**Lafayette, LA 70505-1268**
**(337) 269-0052**
**Counsel for Defendant/Appellant:**
       **Granite State Insurance Company**

**Sharon Hill**
**In Proper Person**
**307 Holly Drive**
**Jonesboro, LA 71251**

**DECUIR, Judge.**

Insurer appeals the trial court's grant of summary judgment on the issue of coverage.

## FACTS

Glenda Covington was seriously injured when her vehicle was struck by a vehicle owned by Pineland Ford-Lincoln-Mercury and being operated by Sharon Hill. Hill had leased the vehicle from Pineland. Granite State Insurance Company provided a commercial garage liability policy for Pineland.

Covington filed suit for damages, and she and Granite filed cross motions for summary judgment on the issue of whether Granite's policy provided coverage. The trial court found in favor of Covington, concluding that coverage did exist under the terms of the policy. Granite lodged this appeal.

## DISCUSSION

Granite's sole contention on appeal is that the trial court erred in its ruling on the cross motions for summary judgment. Specifically, Granite argues that the court erred in finding that coverage existed in spite of the clear language of the leased autos exclusion to Granite's policy.

Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La. 7/6/04), 880 So.2d 1.

The parties are in agreement that the language of the exclusion taken alone would preclude coverage. However, Covington contends that an endorsement to the policy establishes that Hill is an insured or at least creates an ambiguity that must be

interpreted in favor of coverage. The original policy provides, in pertinent part, under who is an insured:

> (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>
>> (d) Your customers if your business is shown in the declarations as an "auto" dealership. However, if a customer of yours:

The balance of the section provides for statutory minimum coverage for customers who have no coverage or have coverage less than required by statute.

The policy also contains the specific exclusion for leased automobiles unless leased to a customer whose vehicle is being serviced. It is undisputed that Hill's vehicle was not being serviced.

The endorsement at issue provides under the heading regarding liability coverage for customers, "Paragraph a.(2)(d) of WHO IS INSURED under SECTION II - LIABILITY COVERAGE does not apply." Thus, prior to the endorsement, customers were only covered to the extent that they did not carry the statutory minimum coverage themselves. After the endorsement, customers have the same coverage as other insureds under the policy.

Appellees argue that this is an expansion of coverage that creates a new class of insureds and thus creates a conflict with the leased automobile exclusion. They argue that the only reason to expand the class would be to include persons renting a vehicle but who are not having their vehicle serviced. Thus, they argue that the provision for who is an insured is in conflict with the leased automobile exclusion.

We disagree. As noted above, the endorsement serves to expand the level of coverage for customers already considered insureds under the policy. In addition, under the language of the endorsement, other customers such as those who are test driving vehicles would be covered.

2

Accordingly, the policy endorsement at issue does not conflict with the leased automobile exclusion. Having found no conflict between the provisions, we must interpret the policy under the general rules for interpretation of contracts, and where the terms are clear and explicit, apply them as written. *Bernard v. Chrysler Ins. Co.* 98-1846 (La.App. 3 Cir. 3/24/99), 734 So.2d 48. After reviewing the leased automobile exclusion, we must agree with the parties that Hill is excluded from coverage by the clear and unambiguous language of the provision.

## DECREE

For the foregoing reasons, the judgment of the trial court denying Granite's motion for summary judgment and granting summary judgment in favor of Covington is reversed. Judgment is entered granting Granite's motion for summary judgment. All costs of these proceedings are taxed to appellee, Glenda Covington.

**REVERSED AND RENDERED.**